UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE MOURIS ADELY MARCOS,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-1247-RSM

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner George Mouris Adely Marcos's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #1.

The following facts are taken from the Petition and a declaration of an ICE officer.  *See* Dkts. #1 and #5.  Petitioner, a native and citizen of Egypt, entered the United States on November 18, 2024, near Otay Mesa, California, without permission.  He was immediately apprehended by U.S. Border Patrol and has since remained in custody.

The Petitioner filed an Application for Asylum and for Withholding of Removal, through counsel, on March 11, 2025.  The Petitioner had a bond hearing, represented by counsel, on March 12, 2025. An immigration judge denied bond because Petitioner was subject to mandatory detention per INA § 235(b).  Petitioner was ordered removed to Egypt by an immigration judge on August 7, 2025.  Petitioner appealed that decision to the Board of Immigration Appeals

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

("BIA") on September 6, 2025; that appeal was dismissed on April 13, 2026. Petitioner appealed to the Ninth Circuit which issued a temporary stay of removal on April 28, 2026.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner requests immediate release.

Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B). Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention for noncitizens detained pursuant to 8 U.S.C. § 1225. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). However, "nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Maliwat v. Scott*, No. C25-788, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (citation modified) (quoting *Banda*, 385 F. Supp. 3d at 1116); *see also Toktosunov v. Wamsley*, No. C25-1724, 2025 U.S. Dist. LEXIS 252150, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) (collecting cases).

In assessing the constitutionality of prolonged mandatory detention, the court in *Banda* declined to apply the test established in *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

47 L. Ed. 2d 18 (1976), because balancing the *Mathews* factors does "not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided" and was "not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1106-07 (citation modified). Rather, the Court in *Banda* conducted a case-specific analysis considering the following factors: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id*. at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)). Courts in this District have now adopted the "*Banda* test" to assess when detention without a bond hearing under 8 U.S.C. § 1225(b) has become unjustifiably prolonged and thus violative of due process. *See, e.g., Maliwat*, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3-4.

The parties discuss these *Banda* factors extensively. The Court has examined the facts of this case under the *Banda* factors and finds that the requested relief is not warranted. The total length of detention, approximately 20 months, clearly favors Petitioner. The parties appear to agree on this point. However, the likely duration of future detention is short in the sense that Petitioner has exhausted nearly every procedural basis to avoid removal. The conditions of detention factor is neutral. Neither party has caused a delay in removal proceedings, other than Petitioner exercising appellate rights provided by Congress. The final factor favors Respondents as Petitioner has given the Court no reason to believe removal proceedings will not result in a final order of removal.

Petitioner entered this country without inspection or any basis for admission. After

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

detention he used every chance to appeal, necessitating his continued detention. At no point has he explained to the Court—through counsel or otherwise—why he will succeed in his efforts to avoid removal. Although the total length of detention is quite high in this case, it is nearing the final procedural step before removal.

Accordingly, having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED. This case is CLOSED.

DATED this 29th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4